**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMY JOSEPH, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  14 cv 7628 |
| DAP PRODUCTS, INC., | ) ) | |
| Defendant. | ) | Jury Trial Demanded |

# CLASS ACTION COMPLAINT

Plaintiff AMY JOSEPH ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her counsel at Zimmerman Law Offices, P.C., brings this action against Defendant DAP PRODUCTS, INC. ("Defendant" or "DAP"), as follows:

## NATURE OF THE CASE

1.      Defendant manufactures XHose and XHose Pro (collectively referenced as "XHose"), products designed to supplant traditional rubber garden hoses.

2.      The XHose consists of a thin cloth layer exterior covering a thin plastic internal tube.  XHose expands and contracts as it fills with water, allowing it to be lighter and more easily stored as compared to traditional hoses.

3.      Defendant markets the XHose as being "ultra lightweight" and expandable while still being both "strong and durable." However, contrary to these representations, the XHose possesses defects ranging from leaking and dripping to bursting entirely.

4.      Despite the fact that Defendant knew the XHose was defective and thus unfit for use as a garden hose, it withheld this information from Plaintiff and the Class.

5.      Defendant was aware of the defects in the XHose, yet persisted in selling the product, leading to millions of dollars in damages to consumers.

## JURISDICTION AND VENUE

6.      Jurisdiction over Defendant is proper because it conducts business within this judicial district.   Specifically, Defendant has marketed and sold the XHose in this District. Therefore, Defendant has the minimum contacts necessary to fall under the jurisdiction of this Court.

7.      Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this class action, because the amount in controversy exceeds $5 million, and some members of the Class are citizens of states different than Defendant.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because this is the District in which the transaction, or some part thereof occurred, and Defendant is a corporation doing business in this District.

## PARTIES

9.      Plaintiff Amy Joseph is a natural person and citizen of the State of Illinois.

10.      Defendant DAP Products, Inc. is a corporation incorporated and existing under the law of the State of Delaware, with its principal place of business at 2400 Boston Street, Suite 200, Baltimore, MD 21224.   DAP does business in the State of Illinois, Cook County, and nationwide.

## BACKGROUND AND FACTUAL ALLEGATIONS

11.      Defendant markets and sells XHose as an alternative to traditional garden hoses via the internet, on television, and in stores.

12.     Defendant markets the XHose as a "super strong and durable" product on its website.  Defendant's website also claims that the XHose consists of a "tough rubber inner hose covered in durable, super-strong webbing." Defendant claims the XHose is subjected to laboratory testing "for improved: durability, performance," and "quality."

13.     Defendant's website links to a sponsored web blog entitled "The Spigot." The Spigot contains many articles about the uses and quality of the XHose.  For example, one post claims "of the available expanding hoses on the market, the XHose is the best, hands down," and warns users not to be fooled by "low-quality imitations."

14.     The XHose's box also contains phrases trumpeting its craftsmanship like "durable material is stronger than ever," "heavy duty," and the XHose "is actually made from a tough, multi-layered expandable inner hose and a folded outer covering made from durable super strong webbing." The box also ensures that the XHose will experience "no kinking" and that it is "tested up to 250 PSI."

15.     Despite Defendant's assertions, the XHose is replete with defects.  The XHose wears out quickly, is subject to dripping, leaking, and bursting, and generally does not perform up to Defendant's lofty claims.

16.     Defendant knew of these defects, but concealed them from Plaintiff and the Class. Defendant continues to conceal these defects from consumers.

17.     Defendant had a duty to disclose the XHose's defective nature to consumers, yet has concealed its existence and instead made the foregoing misrepresentations about the quality and desirability of the product.

18.     Defendant's representations, omissions, and marketing strategy misled Plaintiff and the Class as to the longevity, strength, and durability of the XHose, and Plaintiff and the Class relied on these misrepresentations in deciding to purchase the product.

19.     Due to its defects, the XHose is unfit for its stated purpose as a garden hose.

20.     A cursory internet search demonstrates that hundreds of XHose purchasers have encountered defects ranging from leaking to bursting.

21.     On Defendant's own sponsored blog, "The Spigot," scores of customers have voiced their dissatisfaction with the XHose.  Select postings are reproduced below:

- Read about your hoses being "superior" to the green ones being sold and advertised on TV.  Have to say..  Bought 4 recently and the first one blew apart within 2 days of use.

- On 10-23-13 I returned two Pro x-hoses that we received on 9-9-13 Fed Ex Ground # [redacted].  They both had pin hole leaks at the brass fittings.

- I PURCHASED 2 25 FT HOSES IN JULY THAT I RECEIVED IN LATE AUGUST.  ONE BUSTED IN SEPTEMBER AND THE OTHER TORE IN OCTOBER.  I EXPECTED THEM TO LAST LONGER !

- The XHOSE Pro inner hose burst about 3 feet from the output side [...] I store this hose inside the garage and have never abused it so i wonder how long they are expected to last?

- The outer casing on my xpro hose ripped, and the inner tubing extruded and ruptured during it's first use.  I followed all the directions for pre and post use.

22.     As a result of the defects in the XHose, Plaintiff and Class members have been forced to spend money to either fix the XHose or obtain a replacement product.

23.     Had Plaintiff and the Class members known the true nature of the XHose, they would not have purchased the product.

4

## FACTS RELATING TO PLAINTIFF

24.     Plaintiff saw a commercial for the XHose on television and was interested in purchasing the product.  Prior to purchasing the XHose, Plaintiff viewed the XHose website and other marketing materials for the XHose to evaluate the product.

25.     In September 2014, while at an Ace Hardware store, Plaintiff examined the XHose box and read the representations made by Defendant.

26.     Based on the false and misleading representations made by Defendant, Plaintiff purchased the XHose.

27.     None of the marketing materials or product packaging that Plaintiff examined contained any disclosures as to the true nature of the XHose, *i.e.*, that it was prone to leaks and bursting.

28.     Had Plaintiff known the truth about the XHose, she would not have purchased it for her personal use.

## CLASS ALLEGATIONS

29.     **Class Definition**: Plaintiff brings this action, individually on behalf of similarly situated purchasers of the XHose, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.  The proposed Class is defined as:

> All persons in the United States who purchased an XHose.

> Furthermore, the Class consists of the following subclass:

> Subclass A: All Illinois residents who purchased an XHose.

Excluded from the proposed Class is Defendant, its respective officers, directors and employees, any entity that has a controlling interest in Defendant, and all of its respective employees, affiliates, legal representatives, heirs, successors, or assignees.  Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action.  Plaintiff reserves the right to amend the Class definition as necessary.

30.     **Numerosity**: Upon information and belief, the Class comprises hundreds, if not thousands, of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable.  While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiff believes that there are hundreds, if not thousands, of Class members based upon the fact that (1) Defendant has engaged in a nationwide advertising campaign; (2) Defendant states on its website that there is "overwhelming demand" for the XHose; and (3) scores of XHose purchasers have taken to the internet to complain about the XHose's defects.  Class members can be easily identified through Defendant's records.

31.     **Commonality and Predominance**: There are several questions of law and fact common to the claims of the Plaintiff and members of the putative Class, which predominate over any individual issues, including:

      a.      Whether Defendant's XHose is defective;

      b.      Whether Defendant knew its XHose was defective;

      c.      Whether Defendant misrepresented the quality of the XHose;

      d.      Whether Defendant concealed or failed to disclose the XHose's defects;

      e.      Whether Defendant owed and breached a duty to Plaintiff and the Class to disclose the XHose's defect.

32.     **Typicality**: Plaintiff's claims are typical of the claims of the proposed Class.  All claims are based on the same legal and factual issues.

33.     **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the proposed Class.  Plaintiff does not have any interests antagonistic to those of the proposed Class.  Plaintiff has retained competent counsel experienced in the prosecution of this type of litigation.  The questions of law and fact common to the proposed Class members predominate over any questions affecting only individual Class members.

34.     **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually.  The trial and the litigation of Plaintiff's claims are manageable.

35.     Unless a class is certified, Defendant will retain monies received as a result of its conduct that was wrongfully taken from Plaintiff and Class members.  Unless an injunction is issued, Defendant will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

36.     Defendant has acted and refused to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

<u>**COUNT I**</u>
**Violation of the Maryland Consumer Protection Act**
**(Md.  Code.  Ann.  Com.  Law §§ 13–101, *et seq.*)**
**(On behalf of Plaintiff and the Class)**

37.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 36 with the same force and effect as though fully set forth herein.

38.     At all times relevant hereto, there was in full force and effect the Maryland Consumer Protection Act ("MCPA"), Md.  Code.  Ann.  Com.  Law §§ 13–101, *et seq.*

39.     Plaintiff brings this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia, for violations of the MCPA.

40.     The MCPA prohibits unfair or deceptive trade practices in connection with the advertisement and sale of goods, such as deceiving consumers by concealing material facts or misrepresenting the quality of a good.

41.     Defendant made and continues to make false or misleading statements about the quality and durability of the XHose that had, and have, the capacity, tendency, or effect of misleading consumers.

42.     Defendant falsely represented and/or concealed from Plaintiff and the Class members material facts concerning the quality of XHose, constituting deceptive and unfair practices in violation of the MCPA.

43.     The XHose is a consumer good as defined by the MCPA.

44.     Plaintiff and the Class have suffered actual injuries as a direct and proximate result of the Defendant's violations of the MCPA, as they would not have purchased the XHose if they had known the truth about its quality.

45.     The injuries to Plaintiff and the members of the Class were caused by Defendant's conduct in disseminating false and misleading advertising that originated in Maryland, including the advertising and marketing campaigns described above.  All of the marketing, advertising, and promotional activities and literature were coordinated at, emanate from, and are developed at Defendant's Maryland headquarters.  All critical decisions regarding Defendant's marketing and advertising were made in Maryland.

46.     When Plaintiff and the members of the Class purchased the XHose, those payments were processed and the money was sent to Defendant's headquarters in Maryland.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

> a.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed.  R.  Civ.  P.  23, and certifying the Class defined herein;

8

b.      Designating Plaintiff as representative of the Class, and her undersigned counsel as Class Counsel;

c.      Entering judgment in favor of Plaintiff and the Class and against Defendant;

d.      Enjoining Defendant's illegal conduct and ordering it to cease any and all deceptive and unfair trade practices;

e.      Awarding Plaintiff and the Class restitution and any other equitable relief that may be appropriate;

f.      Awarding Plaintiff and the Class their actual damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

g.      Granting all such further and other relief as the Court deems just and appropriate.

## COUNT II
### Violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act
### (815 ILCS § 505/1, *et seq.*)
### (On behalf of Plaintiff and Subclass A)

47.      Plaintiff repeats and realleges the allegations of Paragraphs 1 through 36 with the same force and effect as though fully set forth herein.

48.      At all times relevant hereto, there was in full force and effect the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq*.

49.      Plaintiff brings this Count individually, and on behalf of all similarly situated residents of the State of Illinois for violations of the ICFA.

50.      The ICFA provides protection to consumers by mandating fair competition in commercial markets for goods and services.

51.      The ICFA prohibits any deceptive, unlawful, unfair, or fraudulent business acts or practices including using deception, fraud, false pretenses, false promises, false advertising, misrepresentation, or the concealment, suppression, or omission of any material fact.

52.     The ICFA applies to Defendant's acts as described herein because its deceptive and unfair practices occurred in the course of trade and commerce.

53.     Defendant is a "person" as defined by section 505/1(c) of the ICFA.

54.     The Plaintiff and each member of the Class are "consumers" as defined by section 505/1(e) of the ICFA.

55.     The XHose constitutes "merchandise" under the meaning of section 505/1(b) and its sale is within the meaning of "trade" or "commerce" under the ICFA.

56.     Defendant's misrepresentation and omissions regarding the defective nature of the XHose are deceptive and unfair acts or practices prohibited by Chapter 2 of ICFA.

57.     Defendant violated the ICFA when it falsely and misleadingly represented and/or concealed from Plaintiff and the Class members material facts concerning the quality of the XHose.

58.     These representations were made by Defendant with the intent of defrauding and deceiving Plaintiff and the Class members as to the quality, durability, and suitability of the XHose for use as a garden hose.

59.     Plaintiff and the Class saw Defendant's marketing and advertising materials prior to purchasing the XHose, and they reasonably relied on Defendant's misrepresentations and omissions when they purchased the XHose.

60.     If Plaintiff and the Class had been aware of the true nature of the Defendant's products, they would not have purchased it.

61.     As a result of Defendant's material misrepresentations and omissions regarding the XHose, Defendant violated section 510/2(a)(7) of the ICFA which proscribes misrepresenting the quality of consumer goods.

62.     Defendant's misrepresentations and omissions regarding the quality of its products were acts likely to mislead the Plaintiff and the members of the Class acting reasonably under the circumstances, and thus constitute unfair and deceptive trade practices in violation of ICFA.

63.     Defendant knew that it failed to provide consumers with relevant and material information regarding the quality of its product, and thus violated the ICFA.

64.     As a direct and proximate result of the Defendant's violations of the ICFA, Plaintiff and the Class have suffered injuries in the form of monies paid to obtain the defective XHose and suitable replacements.

65.     Defendant's practices set forth herein offend public policy, were and are immoral, unethical, oppressive, and unscrupulous, and cause substantial injury to consumers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

a.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

b.     Designating Plaintiff as representative of the Class, and her undersigned counsel as Class Counsel;

c.     Entering judgment in favor of Plaintiff and the Class and against Defendant;

d.     Enjoining Defendant's illegal conduct and ordering it to cease any and all deceptive and unfair trade practices;

e.     Awarding Plaintiff and the Class restitution and any other equitable relief that may be appropriate;

f.    Awarding Plaintiff and the Class their actual damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

g.    Granting all such further and other relief as the Court deems just and appropriate.

## COUNT III
### Unjust Enrichment
### (On behalf of Plaintiff and the Class)

66.    Plaintiff repeats and realleges the allegations of Paragraphs 1 through 36 with the same force and effect as though fully set forth herein.

67.    Defendant unjustly retained a benefit (*i.e.*, the monies consumers paid for the XHose when, due to its defects, it was worthless) to the detriment of Plaintiff and the Class.

68.    Defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.

69.    Defendant accepted the benefit from the Plaintiff and the Class, and it would be inequitable for Defendant to retain the benefit of the money, as Defendant was paid the money under false pretenses.

70.    Defendant has obtained money to which it is not entitled, and interest on that money, and under these circumstances equity and good conscience require that the Defendant return the money with interest to Plaintiff and the Class.

71.    As a direct and proximate result of the foregoing, Plaintiff and the putative Class have been damaged in an amount to be determined at trial

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

a.      Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

b.      Designating Plaintiff as representative of the Class, and her undersigned counsel as Class Counsel;

c.      Entering judgment in favor of Plaintiff and the Class and against Defendant;

d.      Awarding Plaintiff and the Class restitution and any other equitable relief that may be appropriate;

e.      Awarding Plaintiff and the Class their actual damages, punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

f.      Granting all such further and other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

Plaintiff AMY JOSEPH, individually, and on behalf of all others similarly situated,

By:   s/Thomas A.  Zimmerman, Jr.
        Thomas A.  Zimmerman, Jr. (IL #6231944)
        Adam M.  Tamburelli (IL #6292017)
        Frank J.  Stretz (IL #6310264)
        ZIMMERMAN LAW OFFICES, P.C.
        77 West Washington Street, Suite 1220
        Chicago, Illinois 60602
        (312) 440-0020 telephone
        (312) 440-4180 facsimile
        www.attorneyzim.com

Counsel for the Plaintiff and Putative Class