IN IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VICKY BERGMAN et al.  )<br>)<br>Plaintiffs, )<br>)<br>v.   )<br>)<br>DAP PRODUCTS INC. et al.  )<br>)<br>Defendants. )<br>_____) | Civil Action No. 14-cv-03205-RDB |

## FINAL ORDER AND JUDGMENT APPROVING OF CLASS ACTION SETTLEMENT

On March 22, 2016, this Court granted preliminary approval of the proposed class action settlement set forth in the Settlement Agreement (the "Settlement Agreement") between Plaintiffs Vicky Bergman, Michael Carton, Cynthia Finnk, Rocco Lano, Laurina Leato, Marilyn Listander, Roger Mammon, William Dumone and Amy Joseph (the "**Settlement Class Representatives**"), on behalf of themselves and all members of the Settlement Class, and Defendants DAP Products Inc. and National Express, Inc. ("**Defendants**").[1] The Court also conditionally certified the Settlement Class for settlement purposes, approved the procedure for giving notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on July 28, 2016 at 10:00 a.m.

On July 28, 2016, the Court held a duly noticed Final Approval Hearing to consider (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered releasing the Released Claims and permanently

---

[1] This Final Order and Judgment, except as otherwise indicated herein, hereby incorporates by reference the definitions of the Settlement Agreement as though fully set forth herein, and all terms used herein shall have the same meaning as set forth in the Settlement Agreement.

barring the Settlement Class Representatives and Settlement Class Members from prosecuting the Released Claims against Defendants and all of the other Released Parties in regard to those matters released as set forth in Section III.D. of the Settlement Agreement; and (3) whether and in what amount to approve Class Counsel's motion for an award of attorneys' fees and costs and incentive awards for the Class Representatives.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Court has personal jurisdiction over the parties and the Settlement Class Members; venue is proper; and the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

2. The Court finds that Notice to the Settlement Class was given in the manner ordered by the Court; that it constituted the best practicable notice to apprise Settlement Class Members of the pendency of the Action; that it apprised them of their right to object or exclude themselves from the proposed Settlement and of their right to appear at the Final Approval Hearing through an attorney if they so desired; that it informed Settlement Class Members that the judgment would be binding; that the Notice to the Settlement Class was fair, reasonable, and adequate and constituted sufficient notice to all persons entitled to receive notice, including all Settlement Class Members; and complied fully with the requirements of Federal Rule of Civil Procedure 23.

3.     The Court finds that Defendants' service of notice of the Settlement on the State officials of each State in which a Settlement Class Member resides and the appropriate Federal official complied with the Class Action Fairness Act and satisfies all requirements of 28 U.S.C. Section 1715(b).

4.     The Court finds that the prerequisites for class certification under Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) have been satisfied for settlement purposes for each Settlement Class Member in that (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Class Representatives have fairly and adequately represented the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

5.     Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finally certifies the following Settlement Class (as identified in the Settlement Agreement):

> All persons who purchased Covered Products in the United States, its territories, or at any United States military facility or exchange from January 1, 2012 through December 29, 2015. Excluded from the Settlement Class are all persons listed on Exhibit A hereto who have opted out of the Settlement Class; counsel of record (and their respective law firms) for the Parties; Defendants and any of their parents, affiliates, and subsidiaries and all of their respective employees, officers, and directors; the presiding judge in the Action, and all of his immediate family and judicial staff. "Covered Products" means all products bearing the brand name XHose, including the XHose, XHose Pro, and XHose Pro Extreme, including all sizes thereof, that have been designed, marketed, advertised, sold, manufactured, and/or distributed by any of the Released Parties.

6. All persons who validly opted out of the Settlement Class and who the Court now excludes are listed on Exhibit A (the "Exclusion List"), hereto. The persons on the Exclusion List are not bound by this Judgment or the terms of the Settlement.

7. The Court finds that the Settlement is fair, reasonable, and adequate for all Class Members. Class Counsel undertook an extensive and costly investigation and reasonably evaluated the strengths and weaknesses of the Class's claims. Settlement at this time avoids substantial additional costs by all Parties. The Settlement confers substantial benefits upon Settlement Class Members including substantial payments to be made to those who file or have filed claim forms, balanced against the probable outcome of further litigation given the risks relating to liability and damages. The Settlement Agreement was reached only after vigorous, arms'-length, adversarial negotiations over the course of several months and in two separate, in-person mediation sessions with a respected mediator—the Honorable Frederic Smalkin (ret.) of JAMS.

8. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby awards Class Counsel Attorneys' Fees and Expenses in the amount of $ _1,100,000.00_ payable pursuant to the terms of the Settlement Agreement. The Court also awards incentive awards in the amount of $ _2,000.00_ each to Plaintiffs Vicky Bergman, Michael Carton, Cynthia Finnk, Rocco Lano, Laurina Leato, Marilyn Listander, Roger Mammon, William Dumone and Amy Joseph.

9. The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on the parties, and shall have the effect of res judicata and claim preclusion effect in all pending and future lawsuits maintained by the Plaintiffs and all other Settlement Class Members, as well as by any of their heirs, trustees,

executors, administrators, successors, and assigns.

10. The Release, which is set forth in Section III.D.1. of the Settlement Agreement and which is also set forth below, is expressly incorporated herein in all respects and is effective as of the date of this Final Order and Judgment; and the Released Parties (as that term is defined in the Settlement Agreement) are forever fully released, relinquished and discharged from all Released Claims

> Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, Plaintiffs and the Settlement Class (together, the "**Releasing Parties**") forever and fully release, relinquish and discharge the Released Parties from any and all claims, demands, actions, causes of action, damages, rights to restitution and disgorgement, rights to attorneys, fees, costs, and expenses, rights to injunctive relief, and all other rights to relief (collectively, "**Claims**"), that the Releasing Parties ever had, now have, may have, or hereafter have, of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under federal, state or local common law, regulatory or statutory law, or otherwise, and regardless of the type or amount of relief and/or damages claimed, that are: included within, arise out of, or relate to the allegations or the Claims that were alleged or that could have been alleged by Plaintiffs, the Settlement Class and/or any Settlement Class Member against the Released Parties in the Consolidated Complaint, Separate Actions or any other legal action relating to the Covered Products, whether those Claims are asserted individually or on a classwide basis (collectively, the "**Released Claims**"). The Release shall be construed to effectuate complete finality over the Consolidated Class Action and Separate Actions involving allegations of false advertising, defects in, and breach of express and implied warranties for, the Covered Products. Further provided that this definition of Released Claims expressly excludes Claims for personal injury.

11. This Final Order and Judgment and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any Released Party to support a defense of res judicata or claim preclusion, collateral estoppel or issue preclusion, release, good faith settlement, judgment bar or any similar defense.

12. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

13.  This Action, including all individual claims and class claims presented herein, is hereby DISMISSED on the merits and WITH PREJUDICE against the Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as explicitly provided herein.

SO ORDERED THIS 28th DAY OF July 2016

_____
The Honorable Richard D. Bennett
United States District Judge